**UNITED STATES of America, Plaintiff,**

v.

**James Leroy KEMMISH, Defendant.**

**Crim. No. 94–0868–T.**

United States District Court,
S.D. California.

Nov. 14, 1994.

Sara Rapport, Christopher Tenorio, Federal Defenders of San Diego, CA, for James Leroy Kemmish.

Alan D. Bersin, U.S. Atty., Barbara L. Major, Mary C. Lundberg, Asst. U.S. Attys., San Diego, CA, for the U.S.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR VIOLATION OF THE DOUBLE JEOPARDY CLAUSE

TURRENTINE, District Judge.

On November 7, 1994, this Court heard argument on Defendant's Motion to Dismiss the Superseding Indictment for Violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. Defendant James Leroy Kemmish was represented by Sara Rapport and Christopher Tenorio of the Federal Defenders of San Diego. The plaintiff, the United States Of America, was represented by its counsel, Alan D. Bersin, United States Attorney, and Barbara L. Major and Mary C. Lundberg, Assistant United States Attorneys. For the reasons set forth below, defendant's motion is denied.

### BACKGROUND

On July 29, 1994, Defendant James Leroy Kemmish flew from Mexico City, Mexico, to San Diego, California. A search conducted by the United States Customs Service when Defendant Kemmish entered the United States revealed that he was carrying $16,000 in United States currency and $660 in American Express money orders as well as eight videotapes depicting child pornography. Defendant Kemmish was arrested. Customs officers seized the currency and money orders from the defendant pursuant to the authority of Title 31, United States Code, Sections 5316 and 5317(c), alleging that Defendant Kemmish had failed to declare the funds as required by law. This property became subject to administrative forfeiture proceedings. A "Notice of Seizure, Penalty and Initial Disposition" directed to James Leroy Kemmish and dated June 29, 1994 was given to him at the time of the seizure.

On July 15, 1994, additional notices of seizure were completed and sent to Defendant Kemmish at his home address and at the Metropolitan Correctional Center, where he was incarcerated. It is uncontroverted that Defendant Kemmish received these notices of seizure.

On August 1, 1994, the United States Customs Service received a letter from Robert Tucheck, stating that he was the stepfather of Defendant Kemmish and stating his desire to maintain an interest in the seizure. The Customs Service wrote back to Mr. Tucheck, explaining the administrative process and indicating what the defendant must do to maintain his interest in the seized property.

On September 5, 1994, a copy of the "Notice of Seizure and Intention to Forfeit," which included a list of the property to be advertised for forfeiture, was sent to Defendant Kemmish. This correspondence notified the defendant of the pending advertisement dates and that forfeiture could occur after September 26, 1994, which was the last day Defendant Kemmish could file a claim and cost bond or application to proceed *in forma pauperis* to contest the forfeiture. It is uncontroverted that the defendant received this notice.

No administrative petitions were received from Defendant Kemmish in response to the mailed notices and correspondence. No claim and cost bonds or applications to proceed *in forma pauperis* were received from Defendant Kemmish to initiate judicial action. Defendant Kemmish made no claim to the $16,660 in the administrative forfeiture proceeding.

The Customs Service's notice and publication requirements were completed on September 26, 1994. However, the Customs Service in the Southern District of California does not consider the forfeiture complete until certain additional administrative actions are taken and until a disposition order (equivalent to a declaration of forfeiture) is completed. Here the administrative actions were not taken, and no disposition order for

the $16,660 was completed. Instead, the administrative forfeiture proceedings in this case were placed on hold on October 3, 1994 because of concerns as to the applicability of double jeopardy as a result of the Ninth Circuit's decision in *United States v. $405,-089.23 in U.S. Currency*, 33 F.3d 1210 (9th Cir.1994). As such, the government's position is that the administrative forfeiture is not final.

## DISCUSSION

■ Defendant Kemmish did not claim the $16,660 in the administrative proceeding. He was a non-party to the proceeding, and therefore was not placed in jeopardy. Double Jeopardy is a personal constitutional right. *See United States v. Halper*, 490 U.S. 435, 447, 109 S.Ct. 1892, 1901, 104 L.Ed.2d 487 (1989) ("This constitutional protection is intrinsically personal"); *United States v. Rivera*, 872 F.2d 507, 509 (1st Cir.), *cert. denied*, 493 U.S. 818, 110 S.Ct. 71, 107 L.Ed.2d 38 (1989) ("Double jeopardy is a personal right that can be waived"). The administrative forfeiture process (up to and including the alleged forfeiture) with respect to the *unclaimed* $16,660, based upon probable cause that it has been used in or derived from criminal activity, did not implicate the personal constitutional interest of Defendant Kemmish.

■ Even where the unclaimed property is titled in the name of some person, personal rights protected by the Double Jeopardy Clause are not affected by the forfeiture of the property through administrative proceedings. *See United States v. Torres*, 28 F.3d 1463 (7th Cir.1994). A person may elect not to file a claim to property for any of a number of reasons. But, in doing so, the person forgoes the opportunity to contest the seizure on any ground or to contest any issue of personal culpability—be it personal guilt, innocence, or negligence. A person who avoids an adjudication of his or her guilt or innocence cannot later claim double jeopardy when the government seeks to obtain such an adjudication in a later proceeding. The Supreme Court has held that where a person

"successfully avoid[s] such a[n] adjudication ... [of] guilt or innocence," he has been "neither acquitted nor convicted" for purposes of double jeopardy. *United States v. Scott*, 437 U.S. 82, 99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65 (1978). *Accord Ricketts v. Adamson*, 483 U.S. 1, 10–12, 107 S.Ct. 2680, 2686–87, 97 L.Ed.2d 1 (1987).

■ The defendant, upon receiving notice of seizure and intent to forfeit, was faced with a choice. He could have filed a claim within the announced time frame and sought to contest the forfeiture. He chose not to file a claim. As a result, the $16,660 can be forfeited as unclaimed based solely upon the government's belief that it was involved in crime. But there will have been no adjudication of *culpability* on the part of the defendant in the administrative proceeding and, therefore, no imposition of punishment. Any adjudication of personal culpability of the defendant will have been waived by his voluntary choice not to file a claim. It is well established that "[t]he Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice." *Scott*, 437 U.S. at 99, 98 S.Ct. at 2198. This rule has particular force where, as a consequence of the voluntary choice, the person avoids any finding of personal culpability. *See United States v. Vaughan*, 715 F.2d 1373, 1376 (9th Cir.1983) ("trial of the issue of guilt or innocence is the essence of double jeopardy").

■ Defendant Kemmish could neither be placed in jeopardy nor "punished" in the constitutional sense unless he has participated *as a party* in a proceeding and in a manner aimed at determining, at least in part, his personal culpability. A declaration of administrative forfeiture or its equivalent may be entered without any allegation, finding, or inference of *personal* culpability on the part of anyone.

The Court therefore elects to follow the reasoning of *United States v. Torres*, 28 F.3d 1463 (7th Cir.1994).[1] In that case, the Sev-

---

1. The Court recognizes that in another case decided in this district, *United States v. Alejandro*

*Sanchez–Cobarruvias, et al.*, Criminal No. 94–

enth Circuit considered the situation of Renato Torres, a narcotics trafficker who had been sentenced to 73 months' imprisonment in the criminal case. Torres sought to have the administrative forfeiture of the $60,000 seized from him on the date of his arrest adjudicated a prior jeopardy barring his criminal conviction and imprisonment. Circuit Judge Easterbrook, writing for the panel, stated:

> [P]arallel administrative and criminal actions do not necessarily violate the Double Jeopardy Clause. Torres received notice inviting him to make a claim in the civil forfeiture proceeding. He did not. As a result, he did not become a party to the forfeiture. There was no trial; *the $60,000 was forfeited without opposition, and jeopardy did not attach.* You can't have double jeopardy without former jeopardy. *Serfass v. United States,* 420 U.S. 377, 389, 95 S.Ct. 1055, 1063, 43 L.Ed.2d 265 (1975). As a non-party, Torres was not at risk in the forfeiture proceeding, and "without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." *Id.* at 391, 392, 95 S.Ct. at 1064. Torres was no more "in jeopardy" in a forfeiture proceeding in which he was not a party than he would have been in a separate trial of Olivares—a trial at which Torres might have been a witness and that could have ended with a finding by the judge that Torres and Olivares sought to buy cocaine, just as the indictment charged. (Emphasis added.)

*Id.* at 1464, 1465.

■ Here, it is undisputed that the defendant received the various notices of seizure that informed him how to contest the forfeiture. Although the defendant's stepfather wrote the United States Customs Service stating that it was his desire to "maintain an interest in this seizure" on behalf of his stepson, the stepfather had no standing to make a claim on behalf of the defendant. There is no evidence before the Court that the defendant was unable to make a claim on his own behalf. Upon being noticed of the seizure and potential forfeiture of the $16,-

660, the defendant, like Torres, chose not to respond. Defendant Kemmish was not put in jeopardy in the administrative forfeiture proceeding because he was a non-party to the proceeding by choice.

The administrative forfeiture process involving the *unclaimed* $16,660, based on probable cause to believe that it was related to a criminal violation, does not impose personal punishment on the defendant or place him in jeopardy of such punishment.

Since the Court has determined that Defendant Kemmish was not placed in jeopardy in the administrative proceeding because he made no claim and was not a party to that proceeding, it is unnecessary for the Court to reach the issues of whether an administrative forfeiture was completed or whether there is sufficient identity of elements between the statute authorizing civil forfeiture and the statutes charging Defendant Kemmish with criminal violations such that this criminal case would constitute a second prosecution or multiple punishment for the same offense.

BASED ON THE FOREGOING, James Leroy Kemmish's Motion to Dismiss the Superseding Indictment for Violations of the Double Jeopardy Clause of the Fifth Amendment is DENIED.

IT IS SO ORDERED.

0732–IEG, the district court distinguished *Torres* and did not adopt its reasoning.