**UNITED STATES of America**

v.

**Kelly Lee MARTIN, Defendant.**

**Crim. No. 92–348–MA, Civ. No. 94–1490–MA.**

United States District Court, D. Oregon.

Feb. 9, 1995.

---

Kristine Olson Rogers, U.S. Atty., D. Oregon, Robert G. Thomson, Asst. U.S. Atty., Portland, OR, for U.S.

Scott Erik Asphaug, Portland, OR, for defendant.

*OPINION AND ORDER*

ROBERT E. JONES, Judge:

Defendant Kelly Lee Martin moves to vacate his conviction and sentence pursuant to

---

28 U.S.C. § 2255, contending that the conviction violated his rights under the Double Jeopardy Clause of the Fifth Amendment. After considering the evidence and arguments presented by the parties, I conclude that the motion must be denied.

## FINDINGS OF FACT

In early 1992, defendant Martin was one of the subjects of an extensive investigation into a marijuana growing operation. In the course of that investigation Martin cooperated with the United States and signed quitclaims of his interests in three pieces of real property. Shortly thereafter, in May 1992, the United States filed civil forfeiture actions against the three properties: *United States v. 43003 S.E. Wildcat Mountain Road;* CV92–579–BE, *United States v. 1631 S.W. Coast Highway,* CV92–624–BE; and *United States v. 26090 S.E. Sunshine Valley Road,* CV92–631–BE. Martin did not file claims in the civil forfeiture actions, and default judgments of forfeiture were entered in August and September, 1992.

On October 30, 1992, a federal information was filed against Martin, charging him with one count of the manufacture of marijuana and one count of structuring a monetary transaction. Martin entered a guilty plea to both counts on March 17, 1993, and was sentenced to 46 months in prison.

## CONCLUSIONS OF LAW

Martin contends that his criminal conviction following the civil forfeitures violated his rights under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The United States contends that double jeopardy is not applicable in this case because Martin was not a party to the civil forfeiture actions.

I have previously ruled that jeopardy does not attach with respect to a person who fails to assert a claim in civil forfeiture proceedings. *United States v. Sherrett,* 877 F.Supp. 519 (D.Or.1995); *United States v. Branum,* 872 F.Supp. 801 (D.Or.1994). The civil forfeiture proceeding does not constitute punishment as to such a person because "without risk of a determination of guilt, jeopardy does not attach." *United States v. Torres,* 28

F.3d 1463, 1465 (7th Cir.1994) (*quoting Serfass v. United States,* 420 U.S. 377, 391, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975)).

I do not accept Martin's argument that he should be treated as a party to the civil forfeiture actions because he negotiated with the United States and executed quitclaims before the civil forfeiture actions were filed. These actions, taken with the advice of counsel, indicate a conscious decision not to participate in the civil forfeiture proceedings. Accordingly, I conclude that Martin was not subjected to jeopardy in the civil forfeiture proceedings, and that his criminal conviction did not violate the Double Jeopardy Clause.

## CONCLUSION

For the foregoing reasons, Martin's motion to vacate his conviction and sentence (# 14) is denied.