Timothy ORALLO, Petitioner,

v.

UNITED STATES of America, Defendant.

Civ. No. 95–00217.
Crim. No. 92–00950.

United States District Court,
D. Hawai'i.

May 23, 1995.

Daniel A. Bent by Michael K. Kawahara, Asst. U.S. Atty., Birney Bervar, Asst. Federal Public Defender, Christopher Evans, Honolulu, HI, for U.S.

Timothy Orallo, Morgantown, WV, pro se.

## ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE

DAVID ALAN EZRA, District Judge.

Pursuant to Local Rule 220–2(d) the court finds this matter suitable for disposition without hearing. After reviewing the motion and the supporting and opposing memoranda, the court DENIES Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

### BACKGROUND

On June 26, 1992 Petitioner Timothy Orallo ("Orallo") pled guilty to one count of attempted possession with intent to distribute in excess of 500 grams of cocaine pursuant to 21 U.S.C. § 841(b)(1)(B) pursuant to a Memorandum of Plea Agreement. Orallo was sentenced to a mandatory ten-year term of imprisonment, with eight years supervised release. Judgment and conviction was entered on October 21, 1992. This court granted the government's Rule 35(b) Motion for Reduction of Sentence and Orallo's sentence was reduced to six years.

After Orallo was arrested, on June 5, 1992, the United States Drug Enforcement Administration ("DEA") seized a 1987 Chevrolet El Camino and a cellular phone. Administrative forfeiture proceedings were then initiated on this property. The DEA sent written notices of these proceedings, notifying Orallo of his right to contest these actions, to two different addresses. Both notices were received. *See* Declaration of William J. Snider and Exhibits 1–4 and 15–18, attached to Government's Opposition. Notice of the proposed forfeiture proceedings was published for three consecutive weeks in *USA Today*. *See* Snider Declaration and Exhibits 5 and 19 attached to *Id.* Orallo did not file a claim or cost bond for the vehicle or the cellular phone. *See* Snider Declaration and Exhibit 6 and 20 attached to *Id.* Orallo thinks he may have filed a petition for remission or mitigation on this property. He has requested that the DEA duplicate and send any information or documents in their possession regarding this property and any remission or mitigation petition he might have filed. *See* Exhibit J attached to Defendant's Reply.

On June 6, 1992, the DEA seized $32,-709.00 in currency from Orallo pursuant to execution of a search warrant. Thereafter, administrative forfeiture proceedings were initiated on this property. On July 13, 1992, written notice of these proceedings, and Orallo's right to contest, were sent to Orallo at two different addresses. Return receipts indicate that both of these notices were received. *See* Snider Declaration and Exhibits 7–10 attached to Government's Opposition. A third written notice was sent when it was discovered that the zip code on one of the notices was incorrect; this was also received. *See* Snider Declaration at ¶ 5d and Exhibits 11–12 attached to *Id.* Orallo states that he submitted a petition for remission or mitigation of property on this forfeiture action. *See* Defendant's Reply at 2. Orallo submits a copy of a DEA letter denying his petition in support of this contention, as he does not have a copy of the petition at this time. See Exhibit A attached to *Id.*

Orallo now moves the court for an order vacating his guilty plea and dismissing the indictment against him on the ground that imposition of punishment for the drug charge will implicate the constitutional prohibition against double jeopardy.

### STANDARD OF REVIEW

I. Section 2255 Motions

This court's review of Petitioner's motion is provided for in 28 U.S.C. § 2255:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Because the scope of collateral attack of a sentence under § 2255 is limited, it

does not encompass all claimed errors in conviction and sentencing. *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979). If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both *cause* excusing his procedural default, and *actual prejudice* resulting from the claim of error. *United States v. Johnson,* 988 F.2d 941, 945 (9th Cir.1993) (citing *United States v. Frady,* 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)). However, the Ninth Circuit recently clarified that the "cause and prejudice" standard is limited to cases in which the petitioner has defaulted and forfeited a claim by failing to comply with a specific procedural rule, such as the Federal Rules of Criminal Procedure. *English v. United States,* 42 F.3d 473, 478 (9th Cir. 1994). Moreover, it has been the "general rule" in the Ninth Circuit that "*constitutional claims* may be raised in collateral proceedings even if the defendant failed to pursue them on appeal." *Id.* at 479 (citing *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir.1984), *cert. denied,* 470 U.S. 1058, 105 S.Ct. 1772, 84 L.Ed.2d 832 (1985)) (emphasis added). The only exception to this general rule permitting collateral review of constitutional claims is if the government shows the defendant "deliberately bypassed" direct review. *Id.* at 481.

■ Under § 2255, the court shall hold an evidentiary hearing on a petitioner's motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The standard for holding an evidentiary hearing is whether petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. *Schaflander,* 743 F.2d at 717. "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." *Johnson,* 988 F.2d at 945 (citing *United States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir.1980), *cert. denied,* 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981)). The nature of the Petitioner's Mo-

tion and the record in this case do not call for nor warrant a hearing, nor would a hearing aid the court in a resolution of the issues presented.

## DISCUSSION

Although there is no memorandum in support of Orallo's petition, the court believes that Orallo is arguing that although he did not officially contest either of the administrative forfeiture proceedings described above, his petition for remission or mitigation of the property constitutes such an official contest of the action. Orallo does not allege that he did not receive notice of the administrative forfeiture proceedings; indeed, absent notice he would not have known to petition for remission or mitigation of the property.

■ The law of the Ninth Circuit holds that a civil forfeiture proceeding constitutes "punishment" triggering the protections of the double jeopardy clause. *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210, 1219 (9th Cir.1994). Double jeopardy is impacted whether the civil forfeiture comes before or after the criminal prosecution. *See United States v. McCaslin,* 863 F.Supp. 1299 (W.D.Wash.1994).

This court, following the well-reasoned decision of the Seventh Circuit in *United States v. Torres,* 28 F.3d 1463 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994),[1] has previously held that an uncontested administrative forfeiture occurring prior to a defendant's criminal prosecution does not constitute former jeopardy. *See United States v. Nakamoto,* 876 F.Supp. 235 (D.Haw.1995). Following *Torres,* several other districts courts within the Ninth Circuit have held the same. *See United States v. Walsh,* 873 F.Supp. 334 (D.Ariz.1994); *United States v. Kemmish,* 869 F.Supp. 803 (S.D.Cal.1994); *United States v. Branum,* 872 F.Supp. 801 (D.Or.1994); *United States v. Amaya,* 877 F.Supp. 528 (D.Or.1995); *United States v. Martin,* 877 F.Supp. 530

---

1. To date, *Torres* is the only circuit court, of which this court is aware, to address the question of whether an uncontested administrative forfeiture implicates the double jeopardy clause.

(D.Or.1995); *United States v. Sherrett, et al.,* 877 F.Supp. 519 (D.Or.1995).[2]

The facts in the instant motion are somewhat different than those presented in the cases cited above. As was true in the cases above, a Notice of Seizure was sent by the DEA advising Orallo of his right to either (1) request remission or mitigation of the forfeiture through the DEA; or (2) contest the forfeiture in the United States District Court. *See* Notice of Seizure attached as Exhibit C to Petitioner's Reply. It is uncontested that Orallo did not file a claim and cost bond, or an application of bond waiver, with the DEA in order to contest the forfeiture. However, although Orallo chose not to contest the administrative forfeiture in this manner he did submit a petition for remission or rehearing.

DEA forfeitures are governed by the customs laws relating to forfeiture. 21 U.S.C. § 881(d). In initiating administrative proceedings, the DEA must publish notice of the impending forfeiture informing interested parties of their right to claim the property by filing a claim and cost bond. 19 U.S.C. § 1607(a), 21 C.F.R. § 1316.75. DEA forfeiture notices also provide information to interested parties on filing petitions for remission or mitigation of the forfeiture pursuant to 28 C.F.R. § 9.1–9.7.

If a claimant files a claim and cost bond, administrative forfeiture proceedings cease and the matter is referred to the United States Attorney for initiation of judicial forfeiture proceedings. As stated above, it is undisputed that Orallo did not pursue this course of action. Unlike the claimant who files a claim and cost bond, a petitioner seeking remission or mitigation of a forfeiture does not necessarily contest the legitimacy of a forfeiture. In fact, under remission/mitigation procedures, forfeitability is presumed and the petitioner seeks relief from forfeiture on fairness grounds. In essence, a petition for remission is a request for leniency, or an executive pardon, based upon the petitioner's representations of innocence or lack of knowledge of the underlying unlawful conduct. *See* 28 C.F.R. § 9.1–9.7. A petition for remission or mitigation is a means of

ameliorating the harshness of forfeiture when mitigating circumstances exist. *Id.* at § 9.5.

In reviewing remission and mitigation procedures the Supreme Court has stated that "[t]the remission statute simply grants the Secretary the discretion not to pursue a complete forfeiture despite the Government's entitlement to one. . . . [r]emission proceedings supply both the Government and the claimant a way to resolve a dispute *informally* rather than in judicial forfeiture proceedings." *United States v. Von Neumann,* 474 U.S. 242, 250, 106 S.Ct. 610, 615, 88 L.Ed.2d 587 (1986) (emphasis added); 19 U.S.C. § 1618. The Court stated that "remission proceedings are not necessary to a forfeiture determination, and therefore are not constitutionally required." *Id.* The Court then held that there is no constitutional basis to a claim that a remission petition entitles a petitioner to a speedy answer in compliance with due process. *Id.*

■ Here, Orallo had the option of contesting the forfeiture proceedings by filing a claim and cost bond, filing a petition for remission or mitigation, or both. He chose to pursue a petition for remission or mitigation in lieu of contesting the forfeiture, and by so doing made a voluntary choice to forego a judicial remedy, or any adjudication of his culpability. "A person who avoids an adjudication of his or her guilt or innocence cannot later claim double jeopardy when the government seeks to obtain such an adjudication in a later proceeding." *United States v. Kemmish,* 869 F.Supp. 803, 805 (S.D.Cal. 1994). The double jeopardy clause "does not relieve defendants from the consequences of their voluntary choice" to pursue a course of action which "avoids any finding of personal culpability." *Id.* (citing *United States v. Scott,* 437 U.S. 82, 99–100, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65 (1978) and *United States v. Vaughan,* 715 F.2d 1373, 1376 (9th Cir. 1983)).

■ There was never any judicial adjudication of Orallo's culpability; his guilt or innocence was never tried. Therefore, Orallo

---

**2.** *But see United States v. Plunk,* No. A94–036 (JWS) (D.Alaska, November 4, 1994) (declining to follow *Torres* and holding that an uncontested administrative forfeiture constitutes prior punishment); *United States v. Sanchez–Cobarruvias,* Case No. 94–0732–IEG (S.D.Cal., October 13, 1994).

was never placed in jeopardy or "punished" in any constitutional sense, because he never participated as a party in any proceeding designed to adjudicate his personal culpability. *Id.* A petition for remission or mitigation does not resolve the issue of personal culpability, in fact, forfeiture is presumed. *See* 28 C.F.R. § 9.1–9.7. Jeopardy can only attach in a proceeding involving a determination of guilt. *United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). As the District Court for the District of Arizona has recently stated in a case squarely on point with the instant facts:

> The Double Jeopardy Clause does not relieve defendants from the consequences of their voluntary choice to pursue a course which had the effect of avoiding any judicial finding of personal culpability. Jeopardy attaches in a civil forfeiture proceeding only where the owner of the property appears in a judicial proceeding and claims innocence. [If] [d]efendants chose not to challenge the forfeiture in a judicial proceeding; no court made a determination of their guilt; therefore, jeopardy did not attach.

*United States v. Crowell,* Cr. 90–464 PHX RCB (D.Ariz., April 28, 1995) (internal citations omitted).

The court finds that Orallo was not subjected to "punishment" implicating the Double Jeopardy Clause because he unequivocally chose to avoid a judicial proceeding and determination by seeking remission or mitigation rather than posting a bond and contesting the forfeiture in court. Accordingly, the court DENIES Petitioner's Motion.

## CONCLUSION

For the reasons stated above, the court DENIES Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.