**UNITED STATES of America, Plaintiff,**

v.

**Kevin Patrick DAY, Defendant.**

**Nos. CR 91–60126–6, CV 95–6002–HO.**

United States District Court,
D. Oregon.

July 5, 1995.

Kristine Olson, United States Attorney, Deborah J. Dealy–Browning, Assistant United States Attorney, Portland, OR, for plaintiff.

Paul M. Ferder, Ferder, Brandt & Casebeer, Salem, OR, for defendant.

## OPINION AND ORDER

ROBERT E. JONES, District Judge.

Petitioner filed this habeas corpus proceeding under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence on the grounds that they violated the Doubled Jeopardy Clause of the Fifth Amendment to the United States Constitution.

## BACKGROUND

On June 27, 1991, a search was executed in Silverton, Oregon where a large number of marijuana plants, $1,700 in currency, and a Harley Davidson motorcycle worth approximately $4,000 were seized. On July 11, 1991, a federal grand jury returned a three-count indictment charging defendant and others with various narcotic violations. On July 29, 1991, the United States sent a notice of seizure to defendant informing him that the $1,700 in currency was seized because it was "used or acquired as a result of a drug related offense." 21 U.S.C. § 881(a)(7). On August 26, 1991, the United States sent a second notice of seizure to defendant stating that the Harley Davidson had been seized for the same reason. On October 2, 1991, the

United States declined to prosecute on its Notice of Seizure of the motorcycle and transferred further proceedings regarding the motorcycle to the State of Oregon. On December 31, 1991, the State of Oregon filed a Complaint in Rem seeking forfeiture of the motorcycle pursuant to Oregon law. The United States initiated forfeiture proceedings against the $1,700, but defendant did not file a claim. Accordingly, on September 24, 1991, the currency was administratively forfeited.

On February 18, 1992, defendant entered a plea of guilty to Count 1 of the federal indictment. On February 19, 1992, defendant entered into a Settlement and Release Agreement with the State of Oregon wherein defendant agreed to forfeit the motorcycle to the state. On April 27, 1992, he was sentenced in this court to a term of imprisonment of 104 months. Defendant is currently serving this sentence in the federal prison located in Sheridan, Oregon.

## DISCUSSION

Defendant contends that his federal criminal prosecution was barred by the Double Jeopardy Clause of the Fifth Amendment because he had already been subjected to the civil forfeiture of his motorcycle and $1,700 based on the same offense. The government argues that the dual sovereignty doctrine allows both the conviction and the forfeiture.

■ The dual sovereignty doctrine provides that when a defendant in a single act violates the "peace and dignity" of two sovereigns by breaking the laws of each, he has committed two distinct "offenses" for purposes of double jeopardy. *Heath v. Alabama,* 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985). *See also, United States v. Wheeler,* 435 U.S. 313, 316–18, 98 S.Ct. 1079, 1082–83, 55 L.Ed.2d 303 (1978); *Abbate v. United States,* 359 U.S. 187, 194–95, 79 S.Ct. 666, 670–71, 3 L.Ed.2d 729 (1959); *United States v. Lanza,* 260 U.S. 377, 382, 43 S.Ct. 141, 142, 67 L.Ed. 314 (1922). Successive prosecutions by separate sovereigns for crimes arising out of the same acts are not barred by the Double Jeopardy Clause. *United States v. Traylor,* 978 F.2d 1131, 1132 (9th Cir.1992) (*citing Heath,* 474 U.S. at 88, 106 S.Ct. at

437). It is undisputed that the State of Oregon, which prosecuted the forfeiture proceeding, and the United States, which brought the criminal prosecution, are separate sovereigns for purposes of the Double Jeopardy Clause. Accordingly, the dual sovereignty doctrine controls this case. *See United States v. Branum,* 872 F.Supp. 801 (D.Or.1994).

■ Defendant argues, however, that this case falls within the *Bartkus* exception to the dual sovereignty doctrine. In *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), the Supreme Court held that dual prosecutions by separate sovereigns might be prohibited if "the second prosecution, otherwise permissible under the dual sovereignty rule, is not pursued to vindicate the separate interests of the separate sovereign, but is merely pursued as a sham on behalf of the sovereign first to prosecute." *U.S. v. Guy,* 903 F.2d 1240, 1242 (9th Cir.1990). To establish this "narrow" exception a defendant must do more than show that there was cooperation between federal and state authorities; the defendant must prove instead that "the subsequent prosecuting entity is a 'tool' for the first, or the proceeding is a 'sham' done at the behest of the prior authority." *United States v. Koon,* 34 F.3d 1416, 1439 (9th Cir.1994).

Contrary to defendant's assertion, I find no facts or evidence that either the forfeiture or the criminal prosecution was a "sham." Nor is there evidence that the two sovereigns colluded or otherwise failed to act independently. The facts indicate nothing more than a routine level of cooperation between state and federal law enforcement authorities. Therefore, the *Bartkus* exception is inapplicable and the doctrine of dual sovereignty precludes defendant's double jeopardy challenge.

■ Although defendant's double jeopardy argument focuses on the forfeiture to the state of the motorcycle, there remains the issue of the forfeiture of the $1,700 in currency to the United States. Since both this forfeiture and the criminal prosecutions were brought by the United States, the dual sovereignty doctrine is inapplicable and the forfei-

ture of the currency must be analyzed for any double jeopardy violations.

The government argues that since defendant never filed a claim for the currency, he was never a party to the administrative forfeiture, and so never at risk. Defendant counters that the failure to file a claim does not allow the presumption that he lacked an interest in the property.

■ Courts that have considered whether or not uncontested forfeitures constitute "punishment" for purposes of the Double Jeopardy Clause have answered in the negative. These courts reasoned that when a defendant fails to contest a forfeiture, that defendant is not a party to that proceeding, and not punished by the results of those proceedings. *Branum*, 872 F.Supp. at 803 (*citing United States v. Torres*, 28 F.3d 1463 (7th Cir.1994)). *See also, United States v. Kemmish*, 869 F.Supp. 803 (S.D.Cal.1994). A person cannot be exposed to jeopardy by a proceeding in which he is not a party. *See Torres*, 28 F.3d at 1465 (*citing Serfass v. United States*, 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975)). In the present case, defendant received notice and the opportunity to file a claim to the $1,700. He did not. As a result, he did not become a party to that forfeiture. As a non-party, he was not at risk in the federal forfeiture proceedings. Accordingly, the subsequent criminal prosecution did not constitute double jeopardy.

### CONCLUSION

I find that the above forfeitures did not expose the defendant to jeopardy. Therefore, his subsequent criminal prosecution did not constitute double jeopardy. Defendant's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 is DENIED. This proceeding is DISMISSED.

IT IS SO ORDERED.