## UNITED STATES of America

v.

## Brian BROPHIL.

### Crim. A. No. 5:90–CR–18–05.

United States District Court,
D. Vermont.

Aug. 8, 1995.

Peter W. Hull, Asst. U.S. Atty., Burlington, VT, for plaintiff.

Peter W. Hall, Reiber, Kenlan, Schwiebert, Hall and Facey, Rutland, VT, for defendant.

---

1. Section 841(a)(1) provides:
   (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

## ORDER

BILLINGS, Senior District Judge.

On June 20, 1995, the Court sentenced Defendant Brian Brophil for the offense of manufacture, possession with intent to manufacture, and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1).[1]  Brophil received a prison term of 151 months, to be followed by a five year term of supervised release.

Shortly before his sentencing, on June 15, 1995, the Defendant filed a Motion to Dismiss Defendant's Criminal Case on the Basis of Double Jeopardy.  Because the Government did not have adequate time to respond to Defendant's Motion prior to the scheduled date for sentencing, the Court proceeded to sentence Brophil and advised the parties that it would consider Defendant's Motion to Dismiss upon receipt of the Government's response.  The Government has since filed opposition and the Defendant has submitted a reply brief.

### Factual Background

On February 13, 1990, members of the Northern Vermont Drug Task Force, the Vermont State Police and the Drug Enforcement Administration executed a search warrant at Brian Brophil's residence and barn, located in West Glover, Vermont.  During the search, these agents found an extensive marijuana growing operation.  The agents seized approximately 1,403 marijuana plants as well as paraphernalia used in marijuana cultivation.  These events gave rise to the commencement of criminal and civil proceedings against Brophil.

The criminal proceeding commenced on February 14, 1990, when Magistrate Judge Jerome J. Niedermeier issued a Criminal Complaint against Brophil.  The Criminal Complaint was based on the Affidavit of George Contois, a Sergeant with the Vermont State Police.  A five-count Superseding Indictment was filed on August 30, 1990.  On September 13, 1990, Brophil failed to appear

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

for his arraignment. The Court issued a warrant for his arrest. Brophil was apprehended in California on December 20, 1993. On November 10, 1994, Brophil entered into a Memorandum of Agreement with the Government pursuant to which he agreed to plead guilty to one count of marijuana manufacture in violation of 21 U.S.C. § 841(a)(1). On June 20, 1995, the Court sentenced Brophil.

Like the criminal proceeding, the civil action was also prepared on February 14, 1990. The Government filed a civil forfeiture complaint against the Defendant's property in Glover. *United States v. 31 Acres in Glover, Vermont,* No. 90–CV–48 (D.Vt. filed Feb. 15, 1990). Pursuant to 21 U.S.C. § 881(a)(7), the federal government sought the forfeiture of property which was used to facilitate the violation of the Controlled Substances Act.[2] Because Defendant was a fugitive, the forfeiture case proceeded in his absence. No trial was held. On January 30, 1991, United States District Court Judge Albert Coffrin entered a final Order of Forfeiture. The Defendant contends that forfeiture of his property constituted a separate punishment which bars further criminal punishment on the basis of double jeopardy.

### Discussion

■ The Fifth Amendment to the United States Constitution provides that: "No person shall ... be subject for the same offence to be twice put ·in jeopardy of life or limb...." U.S. Const. amend. V. The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The clause

rests on the premise that an individual should not be required to defend him or herself more than once against charges based on the same alleged criminal conduct. *Abbate v. United States,* 359 U.S. 187, 198–99, 79 S.Ct. 666, 673, 3 L.Ed.2d 729 (1959) (opinion of Brennan, J.).

■ In *United States v. Halper,* the United States Supreme Court held that "a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." 490 U.S. 435, 448–49, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989). Thus, under *Halper,* one who has been convicted and punished for an offense may not have a nonremedial civil penalty levied against him or her for the same offense in a separate proceeding. *Department of Revenue of Mont. v. Kurth Ranch,* — U.S. —, —, 114 S.Ct. 1937, 1945, 128 L.Ed.2d 767 (1994) (holding that tax on possession of illegal drugs assessed after government had imposed criminal penalty for same conduct constituted punishment and thus violated the Double Jeopardy Clause). The United States Supreme Court has determined that forfeiture pursuant to 21 U.S.C. § 881(a)(7), the statute employed by the Government here, serves as punishment. *Austin v. United States,* — U.S. —, —, 113 S.Ct. 2801, 2810, 125 L.Ed.2d 488 (1993).[3] Based on the Supreme Court's ruling in *Halper* and *Austin,* at least two circuit courts of appeal have determined that separate civil forfeiture and criminal proceedings against a Defendant may constitute double jeopardy. *See United States v. Ursery,* 59 F.3d 568 (6th Cir.1995); *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210, 1216 (9th Cir.1994)

---

**2.** Section 881(a)(7) provides, in pertinent part: The following shall be subject to forfeiture to the United States and no property right shall exist in them:

. . . . .

(7) All real property ... which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of this subchapter punishable by more than one year's imprisonment, except that no property shall be forfeited under this

paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

**3.** The *Austin* Court reasoned that the inclusion of an innocent-owner defense within this statute revealed Congress's intent to punish only those who knowingly violated the statute. *Id.* at —, 113 S.Ct. at 2811.

*opinion amended on denial of reh'g*, 56 F.3d 41 (1995). *But see United States v. Millan,* 2 F.3d 17, 20 (2d Cir.1993) (holding that civil seizures and criminal arrest warrants were "same proceeding" where they were issued on same day, by same judge, based on same affidavit, as part of coordinated effort to end extensive narcotics conspiracy), *cert. denied sub nom. Bottone v. United States,* —— U.S. ——, 114 S.Ct. 922, 127 L.Ed.2d 215 (1994); *United States v. One Single Family Residence Located at 18755 North Bay Road, Miami,* 13 F.3d 1493, 1499 (11th Cir.1994). In the instant case, however, we need not address whether the criminal and civil proceedings against Brophil violate the Double Jeopardy Clause because we find that Brophil was never in jeopardy in the civil proceedings and thus did not suffer punishment as a result of the civil forfeiture.

As previously stated, Brophil was still a fugitive when the Order of forfeiture was entered and he did not make an appearance in the forfeiture action. The Government asserts that Brophil may not assert double jeopardy because he was not a party in the civil forfeiture case. In making this argument, the Government relies on *United States v. Torres,* 28 F.3d 1463 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). In *Torres,* the defendant was arrested while trying to buy three kilograms of cocaine for $60,000. The money was seized and the defendant was indicted. With respect to the civil forfeiture action, the defendant received notice inviting him to make a claim for the $60,000. He failed to do so. There was no trial and the money was forfeited without opposition. Under these circumstances, the Seventh Circuit concluded that jeopardy did not attach. *Torres,* 28 F.3d at 1465. *See also United States v. Walsh,* 873 F.Supp. 334, 337 (D.Ariz.1994) ("[i]t does not offend constitutional principles to find that failure to file a claim or to respond to a civil forfeiture proceeding is an effective waiver to a subsequent Double Jeopardy challenge"); *United States v. Branum,* 872 F.Supp. 801, 803 (D.Or.1994); *United States v. Kemmish,* 869 F.Supp. 803, 805–06 (S.D.Cal.1994). *Compare United*

*States v. Shorb,* 876 F.Supp. 1183, 1187 n. 4 (D.Or.1995) ("a criminal defendant who asserts a property claim in a forfeiture proceeding plainly does so under a threat of jeopardy"), *aff'd in part, vacated in part,* 59 F.3d 177, 1995 WL 378727 (9th Cir. June 26, 1995). *But see United States v. Aguilar,* 886 F.Supp. 740, 743 n. 3 (E.D.Wash.1994) (declining to follow *Torres* because Ninth Circuit double jeopardy analysis depends on the nature of the forfeiture statute, not its particular employment).

In his reply brief, the Defendant contends that his case may be distinguished from *Torres* on factual grounds. In *Torres,* the court noted that because the defendant did not make a claim for the money, the court was unsure as to whether the money belonged to him in the first place. Of course, if the money didn't belong to the defendant, then its forfeiture could hardly be considered a punishment. In contrast, Brophil notes, the real property that was seized in the instant case clearly belonged to Brophil, as evidenced by the deed he has submitted to the Court.

Although Brophil is correct in noting that the *Torres* court observed that the money might not belong to the defendant, that was not the basis for its holding. Prior to discussing the ownership of the money, the *Torres* court stated:

> Torres received notice inviting him to make a claim in the civil forfeiture proceeding. He did not. As a result, he did not become a party to the forfeiture. There was no trial; the $60,000 was forfeited without opposition, and jeopardy did not attach. You can't have double jeopardy without a former jeopardy. *Serfass v. United States,* 420 U.S. 377, 389, 95 S.Ct. 1055, 1063, 43 L.Ed.2d 265 (1975). As a non-party, Torres was not at risk in the forfeiture proceeding, and '[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.' *Id.* at 391–92, 95 S.Ct. at 1064–65.

28 F.3d at 1465.[4] *See also Usery,* 59 F.3d 568, 572 ("*Torres* ... stands for the proposi-

---

**4.** The Second Circuit has cited *Torres* approving-

ly, although for different grounds. In *United*

tion that jeopardy does not attach to a civil forfeiture when the party claiming double jeopardy was not a party to the forfeiture proceeding, and thus was never at risk of having a forfeiture judgment entered against him"). Indeed, the argument that Brophil currently makes has been specifically rejected by a federal district court in California. *Kemmish*, 869 F.Supp. at 805 ("[e]ven where the unclaimed property is titled in the name of some person, personal rights protected by the Double Jeopardy Clause are not affected by the forfeiture of the property").[5] Brophil could neither be placed in jeopardy, nor punished, where he failed to appear as a party in a proceeding that was designed, at least in part, to determine his culpability. *Id.*

Because Brophil was neither placed in jeopardy nor punished by the civil forfeiture proceedings, his criminal conviction does not violate the Double Jeopardy Clause. Accordingly, Brophil's conviction and sentence are valid and Defendant's Motion is DENIED.

SO ORDERED.

*States v. Morgan*, the Second Circuit observed that the Double Jeopardy Clause and the Supreme Court's holding in *Halper* require the court to focus on whether sanctions are punitive in nature. The *Morgan* court determined that *"Halper* does not apply to forfeiture claims." 51 F.3d 1105, 1113 (2d Cir.1995), *petition for cert. filed*, 63 U.S.L.W. 2642 (U.S. July 3, 1995) (No. 95–14). The Second Circuit indicated that this conclusion was supported by its holding in *United States v. United States Currency in the Amount of $145,139*, which determined that in civil forfeiture actions it is the res which is the culprit. *Id.* (citing 18 F.3d 73, 74–75 (2d Cir.), *cert. denied sub nom. Etim v. United States*, —— U.S. ——, 115 S.Ct. 72, 130 L.Ed.2d 27 (1994)). This determination is unaffected by an *in personam* criminal proceeding. The Second Circuit noted that *Torres* was in accord with this assertion, but indicated that the Ninth Circuit's holding in *$405,089.23 U.S. Currency* disagreed with this outcome. It is unclear whether the Second Circuit's conclusions on this issue apply to forfeiture proceedings under 21 U.S.C. § 881(a)(7). In *Austin v. United States*, the United States Supreme Court, in discussing forfeiture in terms of

the Eighth Amendment, clearly indicated that 21 U.S.C. § 881(a)(7) was punitive.

**5.** In *Kemmish*, the United States District Court for the Southern District of California went on to note:

A person may elect not to file a claim to property for any of a number of reasons. But, in doing so, the person forgoes the opportunity to contest the seizure on any ground or to contest any issue of personal culpability—be it personal guilt, innocence, or negligence. A person who avoids an adjudication of his or her guilt or innocence cannot later claim double jeopardy when the government seeks to obtain such an adjudication in a later proceeding. The Supreme Court has held that where a person 'successfully avoid[s] such a[n] adjudication ... [of] guilt or innocence,' he has been 'neither acquitted nor convicted' for purposes of double jeopardy. *United States v. Scott*, 437 U.S. 82, 99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65 (1978). *Accord Ricketts v. Adamson*, 483 U.S. 1, 10–12, 107 S.Ct. 2680, 2686–87, 97 L.Ed.2d 1 (1987).

869 F.Supp. at 805.