James Jeffrey VALONA, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 96–C–0091.

United States District Court, E.D. Wisconsin.

March 15, 1996.

James Jeffrey Valona, Greenfield, WI, Pro Se.

Office of the U.S. Attorney, Milwaukee, WI, for respondent.

### DECISION AND ORDER

WARREN, Senior District Judge.

Before the Court is the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. On January 25, 1996, the petitioner, James J. Valona, filed a Section 2255 Motion arguing his conviction violated the Double Jeopardy Clause of the Fifth Amendment. Because the petitioner's claims are barred by procedural default and without legal merit, the petitioner's Motion is DISMISSED.

### I. BACKGROUND

On May 11, 1983, the petitioner, James J. Valona, attempted to purchase ten kilograms of cocaine from an undercover drug enforcement agent in exchange for a suitcase containing currency totalling $285,000, jewels and collector coins. Valona was arrested by federal agents and released the same day.

On July 21, 1983, pursuant to 21 U.S.C. § 881, a complaint was filed for forfeiture *in rem* and warrant of arrest was issued in *United States v. $284,960.00 in U.S. Currency, et al.*, case number 83–C–914. On November 25, 1983, a default judgment was entered forfeiting the above-mentioned property to the United States government. On July 2, 1985, a grand jury sitting in the Eastern District of Wisconsin returned an indictment against the petitioner charging attempted possession of cocaine with an intent to distribute in violation of 21 U.S.C. §§ 841, 846. The petitioner was found guilty by a jury on July 10, 1986, and sentenced by the Honorable John W. Reynolds on October 31, 1986 to fifteen (15) years imprisonment and a $25,000.00 fine.

On appeal, the petitioner raised three issues: (1) whether or not a twenty-eight month delay between the arrest and unsealing of the indictment, during which time a potential defense witness died, violated due process under the fifth amendment; (2) whether or not it was error for the trial court to deny petitioner's request for the informant's prior criminal record, record of performance as an informant, and details of the consideration he received; and, (3) whether or not the government's "pre-targeting" of the petitioner, providing him with cocaine, and entering into a contingent fee arrangement with the informant constituted outrageous conduct. *United States v. Valona*, 834 F.2d 1334, 1335 (7th Cir.1987). On November 20, 1987, the petitioner's conviction was affirmed by the United States Court of Appeals for the Seventh Circuit.

On April 19, 1988, the petitioner filed a motion to reduce his sentence pursuant to Rule 35 based on the impact of his incarceration upon his family. Further, the petitioner argued in the Rule 35 Motion that his sentence was substantially higher than the national average for offenses involving the distribution of more than 1,000 grams of cocaine and that had he been sentenced in 1983, his parole eligibility guidelines would have been 40 to 52 months as opposed to 52 to 80 months. Judge Reynolds denied Valona's motion for a reduction of sentence on June 2, 1989. On June 7, 1989, Valona filed a Motion to Reconsider which was denied by Judge Reynolds on February 7, 1990. The petitioner attempted to appeal this decision to the Seventh Circuit, however, on June 26, 1990, the appeal was dismissed for failure to prosecute.

Mr. Valona has served the incarceration portion of his sentence and is currently on parole in the Eastern District of Wisconsin; his parole expiration date is October 20, 2001. In his 28 U.S.C. § 2255 Motion, the petitioner argues that his conviction which included "forfeiture of ... money and property" totalling close to $500,000.00 violated the Double Jeopardy Clause of the Fifth Amendment. Petitioner also complains that he received ineffective assistance of counsel at both the trial and appellate level (petitioner was represented by different attorneys at trial and on appeal) because his trial counsel advised the petitioner "to relinquish the goods to the Government" and both trial and appellate counsel failed to raise the Double Jeopardy issue at trial or on appeal. (Motion at 5a.) Thus, petitioner argues he was "left like a waif in a lions [sic] den to fare for himself" because his attorneys "simply fed petitioner to the wolves." (Motion at 5b.)

## II. *LEGAL STANDARD*

28 U.S.C. § 2255 relief is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. "Moreover, in addition to restraints on the types of issues that may be raised, the failure to raise issues on direct appeal bars a petitioner from raising them in a section 2255 proceeding unless he or she makes a showing of good cause for and prejudice from that failure." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir.1994) (citations and internal quotation marks omitted). Thus, relief under Section 2255 is available if a prisoner can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 268, 133 L.Ed.2d 190 (1995). An argument that was not raised on direct ap-

peal cannot first be presented on collateral review "'absent showing of cause' for the failure to advance the argument sooner 'and some showing of actual prejudice resulting from the alleged constitutional violation.'" *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir.1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977)).

■ The Court emphasizes that "[a] Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Daniels v. United States*, 26 F.3d 706, 711 (7th Cir.1994) (citations omitted). A district court may not reach the merits of an appealable issue in a Section 2255 proceeding unless the issue has been raised in a procedurally appropriate manner. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989). Thus, a petitioner who has failed to raise a constitutional issue on direct appeal is barred from raising the issue in a post-conviction proceeding unless he demonstrates both cause for the procedural default and actual prejudice from the failure to appeal. *Reed v. Farley*, ── U.S. ──, ──, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) (citing *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977)); *Barker v. United States*, 7 F.3d 629, 632 (7th Cir.1993), *cert. denied*, ── U.S. ──, 114 S.Ct. 939, 127 L.Ed.2d 229 (1994); *Theodorou*, 887 F.2d at 1339–40.

To show cause, the petitioner must demonstrate that an external objective factor impeded his ability to appeal. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). For example, "showing that the factual or legal basis for a claim was not reasonably available to counsel, or that 'some interference by officials,' made compliance impracticable, would constitute cause under this standard. *Id.* (citations omitted). Ineffective assistance of counsel in violation of the Sixth Amendment may constitute "cause" under *Wainwright* for a procedural default. *Id.* When assessing whether a party has established cause the Court may only examine that party's proffered reasons for not appealing and not speculate about other possible explanations. *Williams v. United States*, 805 F.2d 1301, 1304 (7th Cir.1986), *cert denied*, 481 U.S. 1039, 107 S.Ct. 1978, 95 L.Ed.2d 818 (1987).

■ The "miscarriage of justice" exception to cause and prejudice is narrow: "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *see also Schlup v. Delo*, ── U.S. ──, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The fundamental miscarriage of justice exception is reserved solely for those with a claim of actual innocence. *Boyer*, 55 F.3d at 298, 300. That is, the petitioner's claim must be one of factual innocence, not legal innocence. *Id.*

## III. DISCUSSION

Valona argues that his criminal conviction is barred by the Double Jeopardy Clause which provides "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend V. Valona submits that his criminal prosecution violates this principle on the grounds that the forfeiture in civil case 83–C–914 of $284,960.00 in United States currency, 188 assorted coins, one diamond and ruby bracelet and one diamond bracelet constitutes a former jeopardy, making a criminal conviction for the same crime a second barred punishment. In civil case 83–C–914, Valona did not contest the forfeiture and the court entered a default judgment on November 25, 1983.

■ In this case, Valona's failure to address his Double Jeopardy claim on appeal constitutes a procedural default. *See Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, ── U.S. ──, 116 S.Ct. 205, 133 L.Ed.2d 139 (1995). However, petitioner argues that he received ineffective assistance of counsel at both the trial and appellate level which may excuse a procedural default. *See Van Russell v. United States*, 976 F.2d 323, 327 (7th Cir.1992), *cert. denied*, 508 U.S. 923, 113 S.Ct. 2376, 124 L.Ed.2d 280 (1993). To establish that counsel provided ineffective as-

sistance, Valona, must demonstrate: (1) deficient performance by his attorney, and (2) prejudice from the representation. *Precin v. United States*, 23 F.3d 1215, 1218 (7th Cir. 1994).

To demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, Valona must show "that counsel's representation fell below an objective standard of reasonableness" and, additionally, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674 (1984). A "reasonable probability" is a probability sufficient to undermine confidence in the conviction. *Id.* at 694, 104 S.Ct. at 2068. The Court examines the ineffectiveness claim by examining "the totality of the circumstances, ever mindful of the fact that there exists a strong presumption that counsel rendered reasonably effective assistance." *United States v. Muehlbauer*, 892 F.2d 664, 668 (7th Cir. 1990). In any event, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Strickland*, 466 U.S. at 696, 104 S.Ct. at 2069. For the reasons that follow, it is clear that Valona has not made the requisite "clear showing" under *Strickland* in this case.

The Court has analyzed the pleadings and transcripts in this case and Valona's 28 U.S.C. § 2255 Motion and concludes that Valona has failed to present a legal argument demonstrating, at the very least, how he was prejudiced by the representation of his attorneys. According to Valona, his trial attorneys were particularly ineffective by allowing "the government to repeatedly batter the petitioner with successive and piecemeal punishments for the same act," and appellate counsel "turned a blind eye to the sandbag." (Motion at 5b.) However, a hearing before Judge Reynolds on November 1, 1985 discussed the potential conflict of interest in the representation of Valona by his trial attorney. Valona was questioned directly by Judge Reynolds and responded affirmatively to numerous questions that he wanted his attorney to continue to represent him and later stated that he "feel[s] very comfortable with [ ] counsel." (Transcript, November 1, 1985 Hearing, at 4, 97–102.) Valona was represented by different counsel on appeal, and on appeal Valona did not present a Double Jeopardy argument. In fact, Valona did not argue that his conviction violated the Double Jeopardy Clause at any point in his trial or appellate proceedings. Valona's sole argument before the Court is by virtue of the Double Jeopardy Clause, the forfeiture of money and goods confiscated by the government upon Valona's arrest should have precluded the sentence of imprisonment and that his attorneys were ineffective in failing to present this constitutional issue at trial or on appeal.

■■■■ The Double Jeopardy Clause of the Fifth Amendment rests on the premise that an individual should not be required to defend himself more than once against charges based on the same alleged criminal conduct. *Abbate v. United States*, 359 U.S. 187, 198–99, 79 S.Ct. 666, 673, 3 L.Ed.2d 729 (1959) (opinion of Brennan, J.). The Double Jeopardy Clause has been interpreted to protect an individual from three types of abusive prosecution: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *United States v. Penny*, 60 F.3d 1257, 1261–62 (7th Cir.1995), *petition for cert. denied,* —— U.S. ——, 116 S.Ct. 931, 133 L.Ed.2d 858 (1996) (citations omitted). Civil forfeitures are generally considered to implicate the third protection. *See United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). Recent Supreme Court precedent indicates that under certain limited circumstances parallel civil and criminal proceedings for the same offense may violate the Double Jeopardy Clauses's prohibition against successive punishments for the same offense. *See Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, ——, 114 S.Ct. 1937, 1948, 128 L.Ed.2d 767 (1994) (holding that a tax on possession of illegal drugs assessed after the government had imposed a criminal penalty for the same conduct constituted a violation of the Double Jeopardy Clause);

*Austin v. United States,* 509 U.S. 602, —, 113 S.Ct. 2801, 2810, 125 L.Ed.2d 488 (1993) (holding that the Eighth Amendment's excessive fines clause applies to *in rem* civil forfeiture proceedings); *United States v. Halper,* 490 U.S. 435, 443, 109 S.Ct. 1892, 1899, 104 L.Ed.2d 487 (1989) (holding that the Double Jeopardy Clause prohibits post-conviction civil forfeiture proceedings where the forfeiture cannot be fairly characterized as remedial). However, the underlying facts of Valona's case, involving an uncontested civil forfeiture of proceeds intended to be used to purchase cocaine and subsequently confiscated during an arrest, followed by a criminal conviction, are quite different from *Halper, Austin* and *Kurth.*

▮ In *Halper,* the defendant overcharged Blue Cross and Blue Shield of Greater New York for a total of $585.00 by submitting 65 separate false claims for reimbursement; he was convicted of violating the criminal false claims statute, 18 U.S.C. § 287, and sentenced to imprisonment for two years and fined $5,000.00. The government then brought another action under the civil False Claims Act, 31 U.S.C. §§ 3729–31, where the defendant was liable for a statutory penalty of more than $130,000.00, although the costs to the government were estimated at $16,-000.00. The Court held that "a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution" *Halper,* 490 U.S. 435, 448–49, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989) Therefore, civil penalties imposed after criminal punishment can constitute a violation of the Double Jeopardy Clause of the Fifth Amendment when the civil penalty levied for the same offense in a separate proceeding is nonremedial. *Halper* was a "rare case" where the correlation of the sanction's value

to the compensatory goal of the sanction was "overwhelmingly disproportionate," and therefore, the separate civil action resulted in a judgment that was not "rationally related to the goal of making the Government whole." *Id.* at 449–51, 109 S.Ct. at 1902–03. The Supreme Court expressed concern that prosecutors dissatisfied with the result in the first proceeding, may seek to impose an additional sanction in a subsequent action. *Id.* at 449, 451 n. 10, 109 S.Ct. at 1902, 1903 n. 10. However, the Supreme Court emphasized that the Double Jeopardy Clause does not "prevent the Government from seeking and obtaining both the full civil penalty and the full range of statutorily authorized criminal penalties in the same proceeding." *Id.* at 450, 109 S.Ct. at 1902–03.

▮ In *Austin,* the defendant pleaded guilty to one count of possessing cocaine with intent to distribute in violation of South Dakota drug laws and was sentenced by the state court. The United States filed an *in rem* action in the United States District Court for the District of South Dakota seeking forfeiture of defendant's mobile home and auto body shop under 21 U.S.C. §§ 881(a)(4) and (a)(7) on the basis that these items were used to "facilitate" the commission of drug law violations.[1] The Supreme Court held that the Excessive Fines Clause of the Eighth Amendment applies to civil forfeitures of property under 21 U.S.C. §§ 881(a)(4) and (a)(7) and that civil forfeitures under 21 U.S.C. §§ 881(a)(4) and (a)(7) were punishment because, under the rationale in *Halper,* these penalties did not serve solely a remedial purpose. *Austin,* 509 U.S. at —, 113 S.Ct. at 2812. Thus, *Austin* stands for the proposition that forfeiture of property used to facilitate criminal activity under 21 U.S.C. §§ 881(a)(4) and (a)(7) is subject to the Excessive Fines Clause of the Eighth Amendment. Section 881(a)(6) is a matter of controversy among the federal cir-

---

1. These statutes provide for the forfeiture of:

"(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances, their raw materials, and equipment used in their manufacture and distribution].

"(7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tact of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title . . . ."

cuit courts. The Second and Eleventh Circuits have ruled in drug forfeiture cases that the Double Jeopardy Clause does not bar both a criminal prosecution and a parallel civil forfeiture action because the two efforts constitute a single coordinated prosecution. *See United States v. One Single Family Residence Located at 18755 N. Bay Rd.*, 13 F.3d 1493 (11th Cir.1994); *United States v. Millan*, 2 F.3d 17 (2d Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 922, 127 L.Ed.2d 215 (1994). However, this reasoning has been called into question by *Department of Revenue of Montana v. Kurth Ranch* where the Supreme Court held that a drug prosecution and a subsequent civil action to impose a tax were not the same proceeding, but "successive proceedings." —— U.S. at —— n. 21, 114 S.Ct. at 1947 n. 21. In *Millan*, the Court of Appeals for the Second Circuit addressed the issue of whether a civil forfeiture proceeding "was part of a single, coordinated prosecution of persons involved in alleged criminal activity." *Millan*, 2 F.3d at 20. The Court held that civil seizure and criminal arrest warrants were the "same proceeding" where they were issued on the same day, by the same judge and based on the same affidavit, as part of a coordinated effort to end an extensive narcotics conspiracy. *Id.* Thus, "a single prosecution seeking multiple punishments may be brought without double jeopardy implications." *Id.*

The Supreme Court of the United States has recently consolidated and granted writs of certiorari in two cases. *See United States v. Ursery*, 59 F.3d 568 (6th Cir.1995) (invalidating a criminal drug conviction that followed forfeiture of real property under 21 U.S.C. § 881(a)(7)), *cert. granted*, —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996); *United States v. $405,089.23*, 33 F.3d 1210 (9th Cir.1995) (invalidating a 21 U.S.C. § 881(a)(6) forfeiture action that followed a criminal drug conviction), *cert. granted*, —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996). In *Ursery*, the Sixth Circuit held that a civil forfeiture under 21 U.S.C. § 881(a)(7), where the defendant made a claim in the forfeiture proceeding, followed by a criminal conviction constituted double jeopardy. *Ursery*, 59 F.3d at 573. In *$405,089.23*, the Ninth Circuit held that the gov-

ernment violated the Double Jeopardy Clause of the Fifth Amendment by obtaining convictions in a criminal case and then continuing to pursue the forfeiture action under 21 U.S.C. § 881(a)(6). *$405,089.23*, 33 F.3d at 1216. The Ninth Circuit held that forfeitures under 21 U.S.C. § 881(a)(6) do not serve a solely remedial purpose and constitute a form of punishment within the meaning of the Double Jeopardy Clause. *Id.* at 1222.

The Seventh Circuit has held that "parallel administrative and criminal actions do not necessarily violate the double jeopardy clause." *United States v. Torres*, 28 F.3d 1463, 1465 (7th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). In *Torres*, the Seventh Circuit held that an individual could not be placed in former jeopardy by a forfeiture proceeding when he failed to contest the forfeiture in the forfeiture proceedings. *Id.* at 1466. The defendant in *Torres* produced $60,000 to pay for three kilograms of cocaine to undercover federal agents. Prior to pleading guilty to the drug offense and being sentenced to seventy-three (73) months' imprisonment, the defendant forfeited the $60,000.00. The prosecutor in *Torres* did not seek both prison and forfeiture in a single indictment. The defendant in *Torres* received notice of the pending forfeiture proceeding, however, he did not make a claim to ownership of the assets and the assets were forfeited without opposition. Under these circumstances, the Seventh Circuit concluded that jeopardy did not attach. *Id.* at 1465. *See also United States v. Ruth*, 65 F.3d 599, 604 (7th Cir. 1995), *petition for cert. filed*, (Jan. 19, 1996) (No. 95–7546); *United States v. Brophil*, 894 F.Supp. 166, 169 (D.Vt.1995); *Rivera v. United States*, 893 F.Supp. 1238, 1245 (S.D.N.Y.1995) ("having failed to contest the forfeiture of the seized property, petitioner was not a party to the civil administrative forfeiture proceedings and, therefore, was not put in jeopardy by those proceedings."); *United States v. Walsh*, 873 F.Supp. 334, 337 (D.Ariz.1994) ("[i]t does not offend constitutional principles to find that failure to file a claim or to respond to a civil forfeiture proceeding is an effective waiver to a subsequent Double Jeopardy challenge"); *United States*

*v. Branum,* 872 F.Supp. 801, 803 (D.Or.1994); *United States v. Kemmish,* 869 F.Supp. 803, 805–06 (S.D.Cal.1994),[2] *aff'd,* 66 F.3d 336 (9th Cir.1995). *Compare United States v. Shorb,* 876 F.Supp. 1183, 1187 n. 4 (D.Or.1995) ("a criminal defendant who asserts a property claim in a forfeiture proceeding plainly does so under a threat of jeopardy"), *aff'd in part, vacated in part,* 59 F.3d 177 (9th Cir.1995).

Another recent Seventh Circuit decision, *United States v. Penny, supra,* offers further guidance. Similar to the defendant in *Torres,* Penny argued that his criminal conviction should have been reversed as violative of the Double Jeopardy Clause because the government had seized his assets in a prior civil forfeiture action. *Penny,* 60 F.3d at 1261. However, similar to the defendant in *Torres,* Penny did not contest the civil forfeiture action. The Court held that Penny's failure to assert the double jeopardy defense at his trial constituted a forfeiture, and under established case law of the Seventh Circuit, Penny could not seek protection from prosecution because he failed to file a claim, individually, in the forfeiture action. *Id.*

In *Smith v. United States,* the Seventh Circuit recently affirmed the dismissal of a petition pursuant to 28 U.S.C. § 2255. *Smith v. United States,* 76 F.3d 879 (7th Cir.1996). In *Smith,* the defendant raised for the first time on collateral attack the argument that the prior judgments of forfeiture constituted a jeopardy (a Jeep Cherokee, real property in Steamboat Springs, Colorado and $165,550.00 were forfeited to the government) and that his subsequent convic-

tion, resulting in a 28-year prison sentence for trafficking in marijuana, was therefore a violation of the Double Jeopardy Clause. The Seventh Circuit, discussing Smith's procedural default of the double jeopardy claim, held that Smith could not show prejudice from the failure to raise the argument on appeal because forfeitures which are clearly forfeitures of drug proceeds are remedial. *Id.* at 881–83. Similarly, the Fifth Circuit has held that forfeiture is not punishment because "the forfeiting party loses nothing to which the law ever entitled him." *United States v. Tilley,* 18 F.3d 295, 300 (5th Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994). The Fifth Circuit reasoned:

> "The possessor of proceeds from illegal drug sales never invested honest labor or other lawfully derived property to obtain the subsequently forfeited proceeds. Consequently, he has no reasonable expectation that the law will protect, condone, or even allow, his continued possession of such proceeds because they have their very genesis in illegal activity."

*Id.*[3]

The facts underlying Valona's conviction are somewhat similar to the *Torres* and *Penny* case. Valona embarked upon a drug deal where he agreed to purchase ten kilograms of cocaine for $450,000.00. Unbeknownst to Valona, his co-conspirator was an undercover DEA agent. When Valona was apprehended, he was carrying currency totaling $285,000.00, jewels, collector coins and

---

2. In *Kemmish,* the United States District Court for the Southern District of California stated "[a] person may elect not to file a claim to property for any of a number of reasons. But, in doing so, the person forgoes the opportunity to contest the seizure on any ground or to contest any issue of personal culpability—be it personal guilt, innocence, or negligence. A person who avoids an adjudication of his or her guilt or innocence cannot later claim double jeopardy when the government seeks to obtain such an adjudication in a later proceeding. The Supreme Court has held that where a person 'successfully avoid[s] such a[n] adjudication ... [of] guilt or innocence,' he has been 'neither acquitted nor convicted' for purposes of double jeopardy. *Kemmish,* 869 F.Supp. at 805 (citing *Untied States v. Scott,* 437 U.S. 82, 99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65 (1978)).

3. The Fifth Circuit analogizes the forfeiture of drug proceeds to the seizure of proceeds from the robbery of a bank. The money from a bank robbery is not rightfully the robbers' property, and its seizure "merely places that party in the lawfully protected financial status quo that he enjoyed prior to launching his illegal scheme." *Tilley,* 18 F.3d at 300. *See also United States v. Salinas,* 65 F.3d 551, 554 (6th Cir.1995) ( [n]ot only are drug proceeds inherently proportional to the damages caused by the illegal activity ... but also one never acquires a property right to proceeds, which include not only cash but also property secured with the proceeds of illegal activity.").

appraisal sheets. Valona states in his Motion, that two months after the confiscation, forfeiture proceedings began and he was sent a forfeiture release document which he signed. Thus, Valona, upon receiving notice of intent to forfeit was faced with a choice. He could have filed a claim within the allotted time frame in order to contest the forfeiture, however, Valona opted not to file a claim. In a default judgment, the money, jewelry and coins were subsequently forfeited to the government. It is well established that "[t]he Double Jeopardy Clause, which guards against government oppression, does not relieve a defendant from the consequences of his voluntary choice." *United States v. Scott*, 437 U.S. 82, 99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65 (1987). Valona could not be placed in former jeopardy if, having received notice of the pending forfeiture proceeding, he did not make a claim to ownership of the assets. Thus, Valona's criminal prosecution was constitutionally permissible under the Fifth Amendment. *Torres*, 28 F.3d at 1465–66. Moreover, forfeiture proceedings are considered part of single prosecution of petitioner by the government.[4] The items of cash, jewelry and coins were seized at the time of petitioner's arrest and a civil forfeiture commenced thereafter. And as the Seventh Circuit concluded on appeal, the twenty-eight month delay between when petitioner was arrested and eventually indicted, in order to protect the identity of an informant, was proper on behalf of the government and did not establish actual and substantial prejudice to the defendant.

Now, in his Motion under § 2255, Valona claims for the first time that he signed the forfeiture release because his attorney advised him that the forfeiture of the money and property was settlement as punishment for his criminal conduct. Therefore, petitioner complains that he signed the release because he was under the understanding that the government was not going to further prosecute him for the attempt to buy cocaine. After the civil forfeiture, the petitioner was indicted on July 2, 1985, and was eventually convicted and sentenced for his attempt to sell cocaine.

■■■■■ Valona's Motion under § 2255 fails for a number of reasons. First of all, Valona does not allege facts indicating that the property that was confiscated from him during his arrest belonged to him in the first place. If the money, jewelry and coins did not belong to Valona then the forfeiture can hardly be considered a punishment. Thus, Valona has no standing to contest the forfeiture when he alleges no specific property interest in the forfeited items. *See Baker v. United States*, 722 F.2d 517 (9th Cir.1983). Furthermore, as previously discussed, Valona did not make a claim in the forfeiture proceedings and a default judgment was entered against him. Thus, Valona cannot claim that the previous forfeiture constituted former jeopardy to bar the criminal conviction. Valona, simply, was never placed in former jeopardy.

■■■■■ Nonetheless, the case before the Court presents a different posture from the above cited and discussed cases. Valona seeks a Writ of Habeas Corpus and argues that both trial and appellate counsel were negligent in failing to object to the subsequent criminal conviction after the civil forfeiture. While counsel is not obligated to raise every nonfrivolous issue on appeal, counsel's conduct falls below the standard of objective reasonableness if "counsel fails to present significant and obvious issues on appeal. . . . Generally, only when ignored

---

4. The Ninth Circuit has concluded that the inherent differences between civil and criminal actions render the pursuit of both civil and criminal sanctions separate proceedings rather than a single, coordinated prosecution, even if they are filed contemporaneously. *$405,089.23*, 33 F.3d at 1216–18. The Court acknowledges that it is a legal fiction to find proceedings which are docketed in separate courts and tried by separate fact finders to be a single proceeding. Nonetheless, in order to find a violation of the Double Jeopardy Clause, three questions must be answered affirmatively: (1) do the civil forfeiture action and the criminal prosecution constitute "separate proceedings;" (2) does the civil forfeiture constitute "punishment;" and (3) do the civil forfeiture action and criminal prosecution constitute the "same offense." *Usery*, 59 F.3d at 571. The Seventh Circuit has recently held that forfeitures of drug proceeds are remedial and therefore, do not qualify as "punishment" in violation of the Double Jeopardy Clause. *Smith v. United States*, 76 F.3d 879 (7th Cir.1996).

issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.1986). The Court is well aware that it is tempting for petitioner to second-guess counsel's assistance after his conviction. The Court speculates that electing not to file a claim to the money, jewelry and coins could have been part of a sound trial strategy to distance Valona from a suitcase worth close to half-a-million dollars, intended to be exchanged for cocaine, and seized at Valona's arrest. Even if this Court were to find that failing to raise the Double Jeopardy claim during trial and on appeal was not part of a sound trial strategy and constituted ineffective assistance of counsel, an ineffective assistance of counsel claim requires that the petitioner was prejudiced by counsel's ineffective representation. Therefore, the question is whether Valona was prejudiced by counsel's failure to raise the Double Jeopardy Claim. The Court finds Valona's contentions without legal merit.

As the Seventh Circuit has explained, "the double jeopardy clause does not bar cumulative punishments imposed in a single proceeding—whether these punishments be the ordinary combination of prison plus a fine, or consecutive terms in prison, or prison plus a forfeiture." *Torres*, 28 F.3d at 1464 (citations omitted). As in *Torres*, the United States Attorney herein did not seek both prison and forfeiture in a single indictment, instead the civil forfeiture was in a separate proceeding brought prior to the criminal proceeding. As noted in *Torres*, recent Supreme Court decisions present the "hazard" of such an approach and "[t]he United States would do well to seek imprisonment, fines, and forfeiture in one proceeding." *Id. See also Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); *Department of Revenue of Montana v. Kurth Ranch*, —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). As previously discussed "parallel administrative and criminal actions do not necessarily violate the double jeopardy clause." *Torres*, 28 F.3d at 1465.

In reaching the merits of whether Valona was prejudiced by counsel's failure to raise the Double Jeopardy issue, the Court concludes that Valona was not prejudiced because the Court holds that forfeiture of proceeds acquired from drug dealing serves a remedial purpose and is not punitive. The Court finds the reasoning of the Fifth and Seventh Circuits in keeping with the language of the statute that the forfeiture of money and items of value intended to be furnished in exchange for drugs is not a punishment because no property right exists in such property.[5]

In the instant case, Valona was in the business of dealing cocaine. In sentencing Valona, Judge Reynolds made the following findings:

I am satisfied beyond any doubt in my mind that Mr. Valona has been in the cocaine business in a heavy way for a prolonged period of time. The specific act that he was caught doing is not a trivial act. It's an act where he was offering to purchase I believe ten kilograms, that's 22 pounds of cocaine. And for which he came up with almost—assets, I believe, if I recall, $450,000, including cash of $285,000 and pieces of jewelry of $113,000 and collectors coins of $38,000. That in itself indicates—is an indicia of one who is in the cocaine business, very heavily, of dealing in cocaine. Next to that, he indicated he was in a position to buy a lot more cocaine. In addition to that, I am just going by the presentence report and I haven't reached the other submissions, the income that he's had over the years and the standard of living that he has, the fact that he has

---

5. 21 U.S.C. § 881. Forfeitures

(a) Subject Property. The following shall be subject to forfeiture to the United States and no property right shall exist in them:
. . . .
(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and title, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

accumulated close to three hundred thousand that he admits to owning, to say nothing of his horse races, ... it just doesn't make any sense to say he was getting this money from legitimate sources when he doesn't indicate what those legitimate sources are.

(Sentencing Transcript at 69–70.) In the civil forfeiture proceeding, the forfeited items were intended by Valona to be exchanged for cocaine. Money and other items of value that are intended to be furnished by any person in exchange for a controlled substance are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), a statute not explicitly dealt with by the Supreme Court in *Halper* or *Austin.* It is clear to this Court that forfeiture of drug proceeds used to purchase drugs is not punishment, but is remedial in nature. *See United States v. One Parcel of Real Estate Located at Rural Route 9,* 900 F.Supp. 1032, 1040 (C.D.Ill.1995); *United States v. $288,930.00 in U.S. Currency,* 838 F.Supp. 367, 370 (N.D.Ill.1993). The argument that a drug dealer whose illegally obtained proceeds have been seized during an attempted drug deal and consequently forfeited, may not be criminally prosecuted because he has already been punished is unsound. Frankly, it makes little sense to this Court to allow a drug dealer to acquire a property right in the proceeds of unlawful, socially destructive activity and the statute, 21 U.S.C. § 881, clearly states to the contrary. Civil forfeiture is a powerful mechanism for prosecutors to utilize in order to combat and attack the economic incentives of drug trafficking.[6] Granted, the facts in the instant case are clear, the money and valuable items, intended to be exchanged for cocaine, were seized from Valona during the arrest and Valona failed to contest the subsequent forfeiture. The Court notes that 21 U.S.C. § 881(a)(7) at issue in *Ursery* is not implicated and was not law during the civil forfeiture herein, and the Ninth Circuit perfunctorily applied the reasoning in *Halper* and *Austin* to 21 U.S.C. § 881(a)(6) and fails to distinguish between lawfully and unlawfully derived property.

Until the Supreme Court of the United States directs otherwise, this Court follows the precedent of the Seventh Circuit. The Court holds that Valona has no legal right to proceeds derived from his criminal activity. Therefore, the Court must dismiss the petitioner's Section 2255 Motion for failure to preserve claims under the cause and prejudice test of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). "A district judge need not grant an evidentiary hearing in all § 2255 cases. Such a hearing is not required if 'the record standing alone conclusively demonstrates that a petitioner is entitled to no relief.'" *Daniels v. United States,* 54 F.3d 290, 293 (7th Cir.1995) (quoting *Humphrey v. United States,* 896 F.2d 1066, 1070 (7th Cir.), *cert. denied,* 498 U.S. 938, 111 S.Ct. 342, 112 L.Ed.2d 306 (1990)). The historic purpose of habeas corpus is to afford relief to those whom society has "grievously wronged." *Fay v. Noia,* 372 U.S. 391, 440–41, 83 S.Ct. 822, 849–50, 9 L.Ed.2d 837 (1963); *see also Kuhlmann v. Wilson,* 477 U.S. 436, 447, 106 S.Ct. 2616, 2623–24, 91 L.Ed.2d 364 (1986) (plurality opinion). Upon examining the petitioner's motion, it is clear to the Court that the petitioner is not entitled to relief.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Valona's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 is DISMISSED.

SO ORDERED.

---

**6.** The Supreme Court has recognized that the distribution of illegal drugs is "one of the greatest problems affecting the health and welfare of our population." *Harmelin v. Michigan,* 501 U.S. 957, 1002, 111 S.Ct. 2680, 2705–06, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring) (quoting *Treasury Employees v. Von Raab,* 489 U.S. 656, 668, 109 S.Ct. 1384, 1392, 103 L.Ed.2d 685 (1989). The impact of drugs on the health and welfare of society is reflected in studies which demonstrate that there is a direct nexus between illegal drugs and crimes of violence, including the majority of homicides, assaults, robberies and weapons offenses. *Id.* at 1003, 111 S.Ct. at 2706. However, the Court acknowledges that the pernicious effects of drug trafficking do not establish the constitutionality of civil forfeitures.