James J. VALONA, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 97–2681.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 19, 1998.

Decided March 11, 1998.

James J. Valona, pro se.

Thomas P. Schneider, Office of the United States Attorney, Milwaukee, WI, for Respondent–Appellee.

Before FAIRCHILD, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

EASTERBROOK, Circuit Judge.

More than a decade ago James Valona was convicted of a drug offense. *United States v. Valona*, 834 F.2d 1334 (7th Cir.1987). He was paroled in 1992. A request for collateral relief under 28 U.S.C. § 2255 was unsuccessful. *Valona v. United States*, 919 F.Supp. 1260 (E.D.Wis.1996), motion for certificate of probable cause denied by unpublished order, No. 96–2165 (7th Cir. Oct. 1, 1996). Valona did not give up. He has twice sought (and twice been denied) our permission to file additional petitions under § 2255. See 28

U.S.C. §§ 2244(a)(3), 2255 ¶ 8. And he filed in the district court a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asking the court to order the termination of his parole.

The district court dismissed Valona's petition, stating that any new request for collateral review requires this court's approval under §§ 2244 and 2255. This is something of an overstatement. Not all multiple collateral attacks are "second or successive". See *O'Connor v. United States,* 133 F.3d 548 (7th Cir.1998); *Walker v. Roth,* 133 F.3d 454 (7th Cir.1997); *Benton v. Washington,* 106 F.3d 162 (7th Cir.1996). If, for example, a prisoner's initial petition is returned as procedurally deficient, the replacement may proceed without advance appellate leave. Having equated petitions under § 2241 with those under § 2255, the district court should have examined the disposition of Valona's earlier petitions to determine whether the latest is a "second or successive" application under our precedents. But we need not conduct this inquiry ourselves, however, because there is a deeper problem in the district court's handling of the application: the prior-approval requirement does not apply to petitions under § 2241 in the first place.

Section 2255 ¶ 8 begins: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals ...". The "motion" to which this language refers must be the kind of motion described by § 2255 ¶ 1—one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack". A motion seeking relief on grounds concerning the execution but not the validity of the conviction and sentence— for example, a motion contending that the prison unlawfully deprived a prisoner of good time credits, or that parole officials unconstitutionally denied an application for release— may not be brought under § 2255 and therefore falls into the domain of § 2241. *United*

*States v. Addonizio,* 442 U.S. 178, 185–86, 99 S.Ct. 2235, 2240–41, 60 L.Ed.2d 805 (1979); *Carnine v. United States,* 974 F.2d 924, 927 (7th Cir.1992); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir.1991). Section 2255 ¶ 8 does not say or imply that a prisoner who has unsuccessfully challenged his conviction needs the court of appeals' approval to protest the handling of prison discipline, parole, or supervised release.

Section 2244, which establishes the prior-appellate-approval mechanism for second or successive collateral attacks, requires permission before "a second or successive habeas corpus application under section 2254" (§ 2244(b)(1), (2)) may be commenced. We know from *Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), that the statutory cross-reference must be taken seriously. Section 2244 refers to § 2254 but not § 2241, and *Felker* holds that the prior-approval mechanism therefore does not apply to petitions under § 2241. Section 2255 ¶ 8 requires appellate approval for second or successive petitions under § 2255 as well as § 2254 but does not add § 2241 to the list of covered sections.

None of this implies that a federal prisoner may use a petition under § 2241 to call into question the validity of a conviction or sentence that has already been subject to collateral review.

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for awrit of habeas corpus, except as provided in § 2255.

28 U.S.C. § 2244(a). Until amended by the Antiterrorism and Effective Death Penalty Act of 1996, § 2244(a) had an exception for situations in which the "ends of justice" supported a second round of review. Its removal, coupled with the requirement in § 2255 ¶ 5 that any motion contesting the validity of a federal conviction or sentence must proceed under § 2255 (see *United States v. Hayman,* 342 U.S. 205, 72 S.Ct. 263, 96

L.Ed. 232 (1952)), channels all successive collateral attacks on a federal court's conviction or sentence into the prior-approval mechanism of § 2244(b)(3). Collateral attacks that do not address the conviction or sentence are unaffected by this channeling apparatus (although § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence).

 Valona's petition under § 2241 does not ask the district court to set aside his conviction or sentence, either directly or indirectly. He contends, rather, that the Parole Commission (which retains jurisdiction because Valona's offense preceded the effective date of the Sentencing Reform Act of 1984) improperly refused to terminate its supervision of his parole. According to 18 U.S.C. § 4211(c)(1) (1982 ed.), the Commission must terminate supervision five years after a parolee's release, unless it concludes following a hearing that "there is a likelihood that the parolee will engage in conduct violating [a] criminal law." Valona asserts that his supervision has been continued without the necessary hearing, because he tarried in paying the fine imposed as part of his sentence rather than because there is any risk that he will again violate the drug laws.

Parole is a form of "custody", so it is proper to use § 2241 to contest its continuation—though § 2241 carries certain disadvantages for the petitioner. The Parole Commission's error in implementing its governing statute does not automatically entitle a parolee to a writ of habeas corpus. *White v. Henman,* 977 F.2d 292 (7th Cir.1992); *Kramer v. Jenkins,* 803 F.2d 896 (7th Cir. 1986). Yet the Commission is an "agency" for purposes of the Administrative Procedure Act, see 18 U.S.C. § 4218(a) (1982 ed.), and the provision committing many of the Commission's decisions to "agency discretion" for purposes of 5 U.S.C. § 701(a)(2), does not cover decisions under § 4211. See 18 U.S.C. § 4218(d). Review of administrative decisions under the APA avoids the need to decide which errors satisfy the requirements of § 2241(c). Perhaps, then, Valona's petition should be understood as a suit under the APA seeking review of agency action. Litigants need not plead legal theories, see *Bar-*

*tholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073 (7th Cir.1992), and district judges should afford the relief to which the prevailing party is entitled without regard to errors in the pleadings. See Fed.R.Civ.P. 54(c). But the proper characterization of Valona's claim is something for the district court to work out on remand. All that it is necessary for us to decide is that § 2244(b)(3) and § 2255 ¶ 8 do not foreclose the kind of relief Valona now seeks.

Reversed and Remanded