**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2611
_____

ERIC HENDERSON,
                                        Appellant

v.

WARDEN B. A. BLEDSOE


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 10-cv-00368)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 8, 2010

Before: BARRY, AMBRO and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 8, 2010)
_____

OPINION
_____

PER CURIAM

    Eric Henderson, a federal prisoner proceeding <u>pro</u> <u>se</u>, appeals an order of the

United States District Court for the Middle District of Pennsylvania dismissing his

petition for a writ of habeas corpus.  For the reasons discussed below, we will affirm the

judgment of the District Court.

On March 27, 2001, Henderson was removed from the custody of the State of North Carolina, where he had been charged with robbery with a dangerous weapon and related crimes. Henderson was placed in temporary federal custody in connection with a federal charge of possession of a firearm by a convicted felon arising from the same incident as the North Carolina charges. While in federal custody, Henderson pleaded guilty to the federal charge in the United States District Court for the Western District of North Carolina and received a sentence of 100 months in prison. On March 8, 2002, Henderson was returned to state custody and thereafter pleaded guilty in North Carolina state court to assault with a deadly weapon with intent to kill inflicting serious injury. Henderson received a 63-month sentence and was credited for time served prior to his sentencing. The state judgment provided that Henderson's state sentence would run concurrently with his federal sentence. On May 29, 2005, the State of North Carolina released Henderson and he was placed in federal custody to serve his 100-month sentence.

In 2008, Henderson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in District Court.[1] In his habeas petition, Henderson challenged the

---

[1]Henderson filed his petition in the United States District Court for the Middle District of Pennsylvania. His petition was transferred to the United States District Court for the Western District of Louisiana after Henderson was transferred to a prison in that district. See Henderson v. Keffer, W.D. La. Civil Action No. 09-cv-00857.

execution of his sentence, claiming that he should receive credit against his federal sentence for time spent in the custody of the State of North Carolina. Henderson further asserted that he believed that his state and federal sentences would run concurrently, that counsel was ineffective for improperly advising him, and that his guilty plea was unknowing.

The District Court adopted the Magistrate Judge's report and recommendation to deny the petition on the merits. Henderson v. Keffer, 2009 WL 3294844 (W.D. La. Oct. 13, 2009) (unpublished decision). The Magistrate Judge concluded that Henderson was not entitled to any credit against his federal sentence under 18 U.S.C. § 3585(b) because all of his time served before his release from state custody on May 29, 2005, was credited against his state sentence. The Magistrate Judge rejected Henderson's reliance on his state judgment, explaining that it was not binding on the Federal Bureau of Prisons.[2] The Magistrate Judge also explained that Henderson must seek relief through a habeas petition pursuant to 28 U.S.C. § 2254 to the extent he seeks to challenge his state conviction or through a motion to vacate sentence pursuant to 28 U.S.C. § 2255 to the extent he seeks to challenge his federal conviction.

---

[2]The Magistrate Judge also found no abuse of discretion in the Bureau of Prisons' decision to deny Henderson's request to designate the state prison as the place of his federal confinement pursuant to Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990), which held that the Bureau of Prisons has authority to so designate where a federal sentence was imposed before a state sentence and the state judge intended the sentences to be served concurrently. The Bureau of Prisons denied Henderson's request based upon his prison disciplinary record.

Henderson, who is now incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, then filed a § 2241 habeas petition in the United States District Court for the Middle District of Pennsylvania. The District Court found that Henderson's petition raised the same claims presented in the petition adjudicated in the Western District of Louisiana and dismissed it. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is de novo. Zayas v. I.N.S., 311 F.3d 247, 252 (3d Cir. 2002).

As recognized by the District Court, 28 U.S.C. § 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). This provision applies to habeas petitions brought pursuant to 28 U.S.C. § 2241. Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008). In Queen, we affirmed the district court's dismissal of a § 2241 petition pursuant to § 2244(a) where the issues raised had been, or could have been, decided in a prisoner's previous habeas action in another district court. Id.

Henderson does not dispute that his habeas petition raises the same issues decided in his previous habeas action in the Western District of Louisiana. He asserts in his brief that he filed his second § 2241 petition because he was unable to appeal the dismissal of his first petition due to a prison transfer. The filing of a duplicative petition, however, is

4

not a substitute for an appeal. Under Queen, the District Court properly dismissed Henderson's § 2241 petition pursuant to § 2244(a). See also Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998) (noting "§ 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence"); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (dismissing pursuant to § 2244(a) a jail-credit claim brought in an earlier § 2241 petition and decided on the merits).[3]

Accordingly, we will affirm the judgment of the District Court.[4]

---

[3]Because Henderson's § 2241 petition was properly dismissed pursuant to § 2244(a), we do not consider the District Court's additional rationale that Henderson's filing constitutes an abuse of the writ under McClesky v. Zant, 499 U.S. 467 (1991), and Zayas, 311 F.3d 247.

[4]Henderson's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

5