**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2018[*]
Decided September 20, 2018

**Before**

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1294

| | |
|---|---|
| ANGEL FIGUEROA, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 17-cv-8812 |
| LISA TARQUINO, | |
| *Respondent-Appellee*. | Amy J. St. Eve, |
| | *Judge*. |

**O R D E R**

Angel Figueroa is currently on supervised release. He appeals the district court's decision to deny his petition for a writ of habeas corpus under 28 U.S.C. § 2241. In the petition he argues that he already completed his supervised release because, he believes, the sentencing court sentenced him to serve it concurrently with his term of imprisonment. That prison term followed his conviction for a single count of conspiracy

---

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

to possess heroin. *See* 21 U.S.C. §§ 846, 841(a)(1). The sentencing judge imposed a term of 20 years in prison in the United States Bureau of Prisons (which he has served) and five years of supervised release. After reciting the 20-year prison term, the judgment states: "Upon release from imprisonment, the defendant shall be on supervised release for the periods specified for each count of conviction. The defendant is sentenced on all count(s) of conviction, namely, Count(s) ONE (1) to a period of FIVE (5) years of Supervised Release, said periods to run concurrent." Figueroa argues that under this language his supervised release ran concurrently with his imprisonment, so he has now served his entire sentence.

Petitions like Figueroa's that challenge the execution, as opposed to the validity, of a sentence fall within the purview of § 2241. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Figueroa's petition does not ask the court to set aside his sentence. Instead it assumes that the sentence is valid and contends that the Bureau has miscalculated the time that he must serve on supervised release. He may bring such a challenge under § 2241. *See Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000) (explaining that the request for a "declaration" that the defendant had completed his sentence was properly brought under § 2241).

That said, Figueroa's argument is meritless for four reasons. First, he wrongly relies on the phrase "periods to run concurrent." It plainly refers to the concurrence of terms of supervised release—though as a matter of fact, Figueroa was not sentenced to multiple terms of supervised release. Second, the preceding sentence in the judgment demonstrates the sequence of his sentence: "Upon release from imprisonment, the defendant shall be on supervised release … ." Third, the sentencing judge's unambiguous oral statement at sentencing—"[u]pon release from prison[,] [Figueroa] shall be placed on supervised release for a term of five years"—supersedes any arguable conflict that Figueroa sees in the written order. *See United States v. Orozco-Sanchez*, 814 F.3d 844, 847 (7th Cir. 2016). Finally, the relevant statutes and caselaw establish that supervised release cannot begin while a convict is incarcerated. *See* 18 U.S.C. § 3624(e) ("The term of supervised release commences on the day the person is released from imprisonment … ."); *United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Supervised release has no statutory function until confinement ends."); *United States v. Maranda*, 761 F.3d 689, 697 (7th Cir. 2014).

AFFIRMED.