**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2272
_____

JEFFREY HOLLAND,
                                        Appellant
                          v.

WARDEN RONNIE R. HOLT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 11-cv-00269)
District Judge:  Honorable Malcolm Muir
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2012
Before:  RENDELL FUENTES and WEIS, Circuit Judges

Opinion filed: March 06, 2012
_____

OPINION
_____

PER CURIAM.

Jeffrey Holland, proceeding pro se, appeals an order of the United States District

Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we will affirm the

judgment of the District Court.

1

In 2002, Holland was convicted after a jury trial in federal court of manufacturing, distributing, and possessing with the intent to manufacture and distribute 50 grams or more of cocaine base, using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and other offenses. Holland received two concurrent life sentences to be followed by a 60-month consecutive sentence for the firearms conviction. We affirmed the judgment of conviction and sentence on direct appeal and the United States Supreme Court denied Holland's petition for a writ of certiorari.

In 2004, Holland filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion on the merits and this Court denied Holland's request for a certificate of appealability. In 2007, Holland filed two motions in District Court, which were dismissed because they were in substance second or successive § 2255 motions that required our approval before the District Court could entertain them.

In 2009, Holland filed a habeas petition pursuant to 28 U.S.C. § 2241 in District Court. Holland challenged his firearms conviction under Watson v. United States, 552 U.S. 74 (2007), which held that a person who trades drugs for a firearm does not "use" a firearm during and in relation to a drug trafficking crime within the meaning of § 924(c). Holland claimed that under Watson his conduct was no longer criminal. The District Court dismissed the petition for lack of jurisdiction, concluding that Holland did not meet his burden to show that § 2255 was an inadequate or ineffective remedy, which would allow him to bring his claim under § 2241. Significantly, Holland did not appeal.

Almost eight months later, Holland filed a motion to reopen in District Court asserting that the District Court erred in dismissing his § 2241 petition and noting that, after his § 2241 petition was dismissed, another judge in the Middle District had allowed a prisoner to pursue a claim under Watson pursuant to § 2241. The District Court construed Holland's filing as a motion for reconsideration and denied it as untimely. We affirmed on appeal, deciding that the District Court did not err in treating the filing as a motion for reconsideration or in finding the motion untimely filed. We further concluded that, even if the filing was construed as a motion pursuant to Federal Rule of Civil Procedure 60(b), relief was not warranted because no extraordinary circumstances were present and Holland could have challenged the dismissal of his § 2241 petition on appeal.

In 2011, Holland filed another petition for a writ of habeas corpus pursuant to § 2241 in District Court challenging his firearms conviction under Watson.[1] The District Court ruled that the habeas petition was tantamount to a successive § 2241 motion and dismissed it pursuant to 28 U.S.C. § 2244(a). The District Court explained that Holland had unsuccessfully pursued the same matter before. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

---

[1]Watson's filing was for the most part identical to the motion to reopen he had filed in District Court in his prior habeas proceedings.

A district judge is not required to entertain a habeas petition filed by a federal prisoner if it appears that a federal court has determined the legality of the prisoner's detention on a prior habeas petition, except as provided in § 2255. 28 U.S.C. § 2244(a). By its terms, § 2244(a) applies to any application for a writ of habeas corpus filed by a person who is in detention pursuant to a judgment of a court of the United States, including a § 2241 petition. Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam). There is no question that a district judge may dismiss a § 2241 petition challenging the execution of a sentence that raises issues that were, or could have been, decided in a previous habeas action. See Queen, 530 F.3d at 255; Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997).

It follows from the above authority that § 2244(a) also bars a successive § 2241 petition such as Holland's petition, which seeks to challenge the validity of his conviction. The legality of Holland's detention was previously determined on the merits in his § 2255 proceeding. As noted above, in his first § 2241 proceeding, the District Court held that Holland did not show that § 2255 was an inadequate or ineffective remedy, which would have allowed him to bring his claim under Watson under § 2241. To the extent Holland disagreed with that decision, his remedy was to appeal. Because Holland seeks to re-litigate a claim that the District Court previously dismissed, we find no error in the District Court's decision to dismiss Holland's § 2241 petition.

Accordingly, we will affirm the judgment of the District Court.