ALD-051                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3730
_____

JEFFREY HOLLAND,
                                        Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 1-13-cv-01841)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2013

Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 5, 2013)
_____

O P I N I O N
_____

PER CURIAM

        Jeffrey Holland, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States District

Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm the judgment of the District Court.

In 2002, Holland was convicted after a jury trial in federal court of manufacturing, distributing, and possessing with the intent to manufacture and distribute 50 grams or more of cocaine base, using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and other offenses. Holland received two concurrent life sentences to be followed by a 60-month consecutive sentence for the firearms conviction. We affirmed the judgment of conviction and sentence on direct appeal and the United States Supreme Court denied Holland's petition for a writ of certiorari.

In 2004, Holland filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion on the merits and we denied Holland's request for a certificate of appealability. In 2007, Holland filed two motions in District Court, which were dismissed because they were in substance second or successive § 2255 motions that required our approval before the District Court could entertain them.

In 2009, Holland filed a habeas petition pursuant to 28 U.S.C. § 2241 in District Court challenging his firearms conviction. Holland claimed that his conduct was no longer criminal under Watson v. United States, 552 U.S. 74 (2007).[1] The District Court dismissed the petition for lack of jurisdiction, concluding that Holland did not show that

---

[1]Watson held that a person who trades drugs for a firearm does not "use" a firearm during and in relation to a drug trafficking crime within the meaning of § 924(c). Watson, 552 U.S. at 83.

§ 2255 was an inadequate or ineffective remedy, which would allow him to bring his claim under § 2241. Significantly, Holland did not appeal. The District Court also denied Holland's motion for reconsideration and we affirmed that ruling on appeal.

In 2011, Holland filed another § 2241 petition in District Court challenging his firearms conviction under Watson. The District Court ruled that the habeas petition was tantamount to a successive § 2241 petition and dismissed it pursuant to 28 U.S.C. § 2244(a). We affirmed the District Court's decision on March 6, 2012. Holland v. Holt, 461 F. App'x 198, 200 (3d Cir.) (per curiam) (unpublished decision), cert. denied, 133 S. Ct. 756 (2012). Holland also filed in this Court, without success, motions for leave to file a second or successive § 2255 motion raising his Watson claim.

On July 3, 2013, Holland filed another § 2241 petition in District Court raising his Watson claim. Relying on our March 6, 2012 decision, the Magistrate Judge recommended that the District Court dismiss the petition. The District Court adopted the Magistrate Judge's recommendation and this appeal followed.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

As discussed in our March 6, 2012 decision, a district judge is not required to entertain a habeas petition filed by a federal prisoner if it appears that a federal court has determined the legality of the prisoner's detention on a prior habeas petition, except as provided in § 2255. 28 U.S.C. § 2244(a). Section 2244(a) applies to any application for

3

a writ of habeas corpus filed by a person who is in detention pursuant to a judgment of a court of the United States, including a § 2241 petition. Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam).

In affirming the dismissal of Holland's 2011 § 2241 petition under § 2244(a), we explained that the legality of Holland's detention was previously determined on the merits in his § 2255 proceeding. We noted that the District Court had held in Holland's 2009 § 2241 proceeding that he did not show that § 2255 was an inadequate or ineffective remedy, which would have allowed him to bring his Watson claim under § 2241, and that Holland did not appeal that ruling. Because Holland sought to re-litigate a claim that the District Court had previously dismissed, we found no error in the District Court's decision dismissing the 2011 § 2241 petition.

The same analysis applies to Holland's present § 2241 petition. Holland appears to believe that he may pursue another § 2241 petition because the District Court concluded in 2009 that he could not show that § 2255 is an inadequate or ineffective remedy until we denied him authorization to file a second or successive § 2255 motion. See Memorandum of Law in Support of § 2241 Petition at 6. In dismissing his 2009 petition for lack of jurisdiction, however, the District Court ruled that Holland did not meet his burden to show that § 2255 is an inadequate or ineffective remedy. M.D. Pa. Civ. No. 09-cv-0329, 7/20/09 Order at 8. The District Court further stated that Holland had not sought our authorization to raise his claim in a successive § 2255 motion and that such a possibility remained open. Id. The District Court thus dismissed the petition without prejudice to Holland's filing a motion in this Court for leave to file a second or

4

successive § 2255 motion. Id. As noted in our March 6, 2012 decision, to the extent Holland disagreed with the decision that he did not meet his burden to show that § 2255 is an inadequate or ineffective remedy, his recourse was to appeal that decision.

Accordingly, we will affirm the judgment of the District Court.